BANKERS TRUST COMPANY, Respondent, v. INTERNATIONAL RAILWAY COMPANY, Appellant.

*Appeal — record — under circumstances discretion of court should be exercised to include summation of counsel in record as aid in determining appeal.*

Appeal from an order of the Supreme Court, made at the New York Trial Term, and entered in the New York county clerk's office on April 5, 1923, settling the case on appeal, and also from an order, made at the New York Special Term and entered on May 1, 1923, denying defendant's motion to resettle the case on appeal.

PER CURIAM: While ordinarily the opening and closing addresses of counsel have no place in a record upon appeal, we think that in the case before us the discretion of this court should be exercised in granting the motion for the insertion of the summation, as showing the theory upon which the case was presented to the jury, and, therefore, as a help to the court in determining the appeal. (See *Matter of Eno*, 182 App. Div. 889.) The orders appealed from should, therefore, be reversed, with ten dollars costs, and the motion granted. Present — Clarke, P. J., Smith, Merrell and Martin, JJ. Orders reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.

---

PROCTER & GAMBLE DISTRIBUTING COMPANY, Appellant, v. JACOB SCHER and Another, Individually and as Directors of the S. & S. GROCERY CO., INC., Respondents.

*Judgments — opening default — one defendant after defaulting admitted liability — delay of two months before motion to open was made — nothing about merits of defense in motion papers — order opening default improperly made.*

Appeal from an order of the Supreme Court, made at the New York Special Term and entered in the New York county clerk's office on May 18, 1923, granting defendants' motion to open default and to vacate and set aside the judgment entered in favor of the plaintiff and against the defendants.

PER CURIAM: This order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, because one of the defendants after defaulting at Special Term offered to settle the claim, admitted liability and said he was but waiting for his partner to join in the expense. Two months elapsed after the inquest and judgment before any motion was made, and not a word is contained in the motion papers about the merits of the defense. Present — Clarke, P. J., Smith, Merrell, McAvoy and Martin, JJ. Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.